**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2013, 5:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CRAIG A. DECHERT**
Howard County Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINE REDELMAN**
Office of the Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF A.G. (Minor Child), | ) | |
| A CHILD ALLEGED TO BE A CHILD | ) | |
| IN NEED OF SERVICES | ) | |
| | ) | |
| J.G. (Mother), | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1306-JC-514 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CHILD SERVICES, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1304-JC-105

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

J.G. ("Mother") appeals the trial court's order, following a factfinding hearing, concluding that her minor child, A.G., is a child in need of services ("CHINS"). J.G. challenges the sufficiency of the evidence to support the trial court's order. Concluding that the trial court's CHINS finding is not a final appealable order, we dismiss this appeal.

**Facts and Procedural History**

A.G. was born on January 28, 2013. On April 3, 2013, the Howard County Department of Child Services ("DCS") received a report alleging that A.G. was constantly dirty and possibly underfed and that there were concerns about the condition of Mother's home. Following an investigation that confirmed that report and raised additional concerns regarding marijuana use by Mother and medical concerns for A.G., DCS filed a petition alleging A.G. to be a CHINS. An initial hearing was held on April 12, 2013, and on May 30, 2013, the trial court held a CHINS factfinding hearing. Following the hearing, the trial court entered its "ORDER ON FACT FINDING HEARING" finding A.G. to be a CHINS. Appellant's App. at 3. On June 13, 2013, Mother filed her notice of appeal with this Court. A CHINS dispositional hearing was subsequently held by the trial court on June 24, 2013.

**Discussion and Decision**

DCS asserts that because Mother brought this appeal before the dispositional hearing was held, her appeal should be dismissed for lack of a final appealable order. "A final judgment disposes the subject matter of the litigation as to the parties so far as the court in which the action is pending has the power to dispose of it." *Matter of J.L.V., Jr.*, 667 N.E.2d

2

186, 189 (Ind. Ct. App. 1996). This Court has held that a CHINS determination is a mere preliminary step to be taken prior to choosing among several different dispositional alternatives. *In re J.V.*, 875 N.E.2d 395, 399 (Ind. Ct. App. 2007), *trans. denied* (2008). A final appealable order exists only after the dispositional hearing has been held and a dispositional order finally determines the rights of the parties. *Id*; s*ee* Ind. Code § 31-34-20-1 (if a child is a CHINS, the juvenile court may enter one or more of various dispositional decrees).

Because Mother's notice of appeal preceded the dispositional hearing, we agree with DCS that her appeal is untimely. We are mindful that we have, on occasion, and in limited circumstances, addressed the merits of cases in this procedural posture so long as a dispositional hearing was eventually conducted and a final appealable judgment was available for our review. *See J.V.*, 875 N.E.2d at 399; *see also T.Y.T. v. Allen Cnty. Div. of Family & Children*, 714 N.E.2d 752, 756 n.3 (Ind. Ct. App. 1999). However, in this case, the trial court's dispositional order, assuming one exists, is not contained in the record on appeal. Therefore, we have no final appealable order to review. We further note that Mother did not file a reply brief to address the prematurity of her appeal and does not otherwise offer this Court any argument justifying that we render a decision on the merits under the circumstances presented. Accordingly, we dismiss Mother's appeal.

Dismissed.

BARNES, J., and PYLE, J., concur.